Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1370 | **DATE** | 9/27/2001 |
| **CASE TITLE** | JOANNE L. SCHUTT vs. LARRY G. MASSANARI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Plaintiff's Application for Attorney Fee under the Equal Access to Justice Act is granted.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: LG

Date/time received in central Clerk's Office

number of notices

SEP 28 2001 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number: 23

01 SEP 27 PM 5:42

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

| | |
|---|---|
| JOANNE L. SCHUTT <br> SS# ■■■■■■ <br><br> Plaintiff, <br><br> v. <br><br> LARRY G. MASSANARI[1], <br><br> Defendant. | Case No. 00 C 1370 <br><br> The Honorable John W. Darrah |

DOCKETED
SEP 2 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Joanne L. Schutt has submitted an application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2001). For the reasons that follow, the Court grants Plaintiff's Application for an Attorney Fee Award under the Equal Access to Justice Act [16-1].

## BACKGROUND

Plaintiff Joanne L. Schutt originally filed an application for Disability Insurance Benefits on April 28, 1994, alleging she was disabled beginning on April 15, 1990, due to leg and back pain. On November 17, 1994, Plaintiff's application was denied. In December 1994, Plaintiff filed a Request for Reconsideration, which was denied in January 1995. In February 1995, Plaintiff filed a Request for Hearing. On September 13, 1995, a hearing was held before Administrative Law

---

[1] On April 30, 2001, Larry G. Massanari became Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Larry G. Massanari is automatically substituted for Kenneth S. Apfel as the Defendant in this civil action.

-1-



Judge (ALJ) John L. Mondi. On May 29, 1996, ALJ Mondi denied Plaintiff's disability application because a significant number of light jobs with a sit-stand option that did not require full use of Plaintiff's left arm accommodated her residual functional capacity and vocational profile.

In November 1997, Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council. In January 1998, the Appeals Council denied review of Plaintiff's claim. On March 4, 1998, Plaintiff filed a Complaint requesting judicial review of the final determination pursuant to 42 U.S.C. § 405(g). Defendant requested a voluntary remand, and the case was remanded for a new hearing to consider and develop further the evidence on September 1, 1998. A remand hearing was convened on January 20, 1999, at which, ALJ Mondi once again denied Plaintiff disability benefits in a decision dated April 20, 1999.

Plaintiff filed a Request for Review with the Appeals Council, which was denied on January 7, 2000. Plaintiff filed a Complaint requesting judicial review on March 13, 2000.

On March 26, 2001, this Court entered a Memorandum Opinion and Order remanding this case to the Commissioner for rehearing due to the following errors of law. The Court found that the ALJ failed to give good reasons for rejecting the medical evidence of record and erred when he failed to refer Plaintiff for a consultative examination. (Mem. Op. & Order at 8-9.) The ALJ erred by failing to address the reasons for discounting Dr. Clark's limitations without any contrary medical opinion and to explain why he considered Plaintiff's testimony to be in conflict with her stated activities. (Mem. Op. & Order at 9-10.) The Court remanded the case to a different ALJ. (Mem. Op. & Order at 10.)

## DISCUSSION

The Equal Access to Justice Act provides that a party who prevails against the United States

in a civil action is entitled, in certain circumstances, to an award of attorney fees. 28 U.S.C. § 2412. In order to be awarded attorney fees, the court must find that: (1) the plaintiff has made a timely application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

Even though there has not been a final determination of the merits by a new ALJ, a party has prevailing-party status when its case is remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Defendant does not contest that Plaintiff has made a timely application for fee or that she has prevailing-party status.

A party's position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "But a position can be justified even though it is not correct, and . . . it can be substantially . . . justified . . . if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2. The non-moving party bears the burden of proving that its position was substantially justified in law and fact at both the administrative and court stages of adjudication. *Pierce*, 487 U.S. at 565; *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). To prove substantial justification, the Defendant must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable connection between the facts alleged and the legal theory advanced. *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000).

Defendant argues that Plaintiff's application for an award of attorney fees should be denied because the Government's position was substantially justified. The Defendant argues that the test for whether a position is substantially justified is whether the party had a rational ground for thinking

it had a rational ground for its action. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Defendant argues that it had a rational ground for thinking it had a rational ground because the record contained adequate evidence to support the ALJ's findings: (1) In May 1994, Plaintiff's treating physician, Dr. Clark, said that Plaintiff's condition was steadily improving and in October 1992 had expressed his doubts that she would qualify for disability insurance; (2) Plaintiff did not use any devices to assist her in walking and took no medication; (3) Plaintiff returned to work in March 1997 even though she said that her condition had not changed much since her alleged period of disability; (4) Plaintiff did not mention any limitations on her ability to do housework or hobbies; (5) the ALJ relied on other record evidence that contradicted Dr. Clark's assessment which indicates that the ALJ had sufficient medical support; and (6) the ALJ adequately assessed Plaintiff's mental condition which indicates that the ALJ had adequate reasons for discrediting Plaintiff's allegations that she was significantly limited due to a mental impairment.

However, the ALJ's decision contained many errors of law. The ALJ should have ordered more recent evaluations to determine whether Plaintiff was disabled. (Mem. Op. & Order at 8.) The ALJ disregarded Dr. Clark's most recent diagnosis. (Mem. Op. & Order at 9.) The Court could not determine "whether the ALJ's reasons for discounting such testimony [was] supported by substantial evidence" because the ALJ failed to address the vocational expert's testimony. (Mem. Op. & Order at 9.) The ALJ did not mention any testimony by Plaintiff that was inconsistent with his ultimate conclusion. (Mem. Op. & Order at 10.) Furthermore, the Court ordered reassignment of the case to a new ALJ on remand and ordered the new ALJ to "examine the record anew and obtain any additional evidence" necessary. (Mem. Op. & Order at 10.) The ALJ's many errors do not persuade the Court that the Government had a rational ground for thinking it had a rational ground for the

action. *See Crosby v. Halter*, 152 F. Supp. 2d 955, 959 (N. D. Ill. 2001) (holding ALJ's failure to provide explanations for his decision and the fact that the ALJ ignored evidence contrary to his decision showed no substantial justification). The Defendant's brief also does not address the *Hallmark* factors. Therefore, the Defendant's position was not substantially justified. Since the Defendant's position was not substantially justified, Plaintiff is entitled to an award of attorney fees. 42 U.S.C. § 2412(d)(1)(B).

Section 2412 provides that attorney fees awarded must be reasonable. 42 U.S.C. § 2412(d)(2)(a). A claimant bears the burden of proving that the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff's attorney in the district court was Frederick J. Daley. Mr. Daley requests $7,080.60 in attorney fees for 56.2 hours of work.

Defendant argues that the Court should reduce the amount requested because it is excessive. Defendant argues that Plaintiff has not established the reasonableness of the fees but merely asserts that the hours claimed are reasonable. Defendant cites to several cases that the average number of hours that an attorney works on a Social Security case range from twenty to forty hours. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418 (6th Cir. 1990) (finding average number of hours worked to range from thirty to forty hours); *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988) (reducing fee claim from sixty-two to thirty-seven hours); *DiGennaro v. Bowen*, 666 F. Supp. 426 (E.D.N.Y. 1987) (finding the average compensated hours to range from twenty to forty hours).

Defendant further argues that the number of hours billed for reviewing the record and writing the primary brief, 26.65, and the fourteen hours spent preparing the reply brief are excessive because of Mr. Daley's familiarity with Plaintiff's case and his expertise in handling Social Security cases.

Plaintiff's counsel did not spend an unreasonable amount of time preparing Plaintiff's motion

for summary judgment. *See Spruil*, 691 F. Supp. at 307 (holding twenty-five hours was a reasonable number of hours for research and brief writing). Mr. Daley's hours of 16.9 fall under that twenty-five hour mark. And the time spent by the law clerk, who is presumably not as experienced as Mr. Daley, increases the time spent on the motion for summary judgment slightly over twenty-five hours.

The number of hours spent on the motion for summary judgment and the reply brief are not excessive. The record was 348 pages. Plaintiff asserts that it was necessary to review the prior court pleadings, as well as two hearing decisions and transcripts, in order to prepare the briefs. (Pl.'s Reply at 8.) A little more than twelve hours spent in this case was performed by a law clerk who does not have Mr. Daley's experience and familiarity with the case. The remaining 43.95 hours spent working on this case by Mr. Daley are reasonable hours for a Social Security case. *See Hayes*, 923 F.2d at 420; *Spruil*, 691 F. Supp. at 306-07; *DiGennaro*, 666 F. Supp. at 433. These hours do not seem like an excessive amount of time.

Plaintiff will be awarded $7,080.60 in attorney fees.[2] This sum shall be paid to Frederick Daley pursuant to the "Assignment of EAJA Fee". (Pl.'s Application for Att'y Fee under Equal Access to Justice Act, Ex. C.)

Plaintiff also requests $181.25 in costs. Section 2412 also provides that a prevailing party may be awarded costs. 42 U.S.C. § 2412(b). Defendant does not contest an award of costs to Plaintiff. Therefore, Mr. Daley shall also receive $181.25 in costs pursuant to the "Assignment of EAJA Fee". (Pl.'s Application for Att'y Fee under Equal Access to Justice Act, Ex. C.)

---

[2]This figure was calculated at $140/hour for 37.3 hours worked in 2000 and $141.25/hour for 6.65 hours worked in 2001 and $75/hour for 12.25 law clerk hours. Defendant did not contest the hourly rate requested by Plaintiff. Therefore, the Court will not address it.

The Court will deny Mr. Daley's request for a supplemental fee of $998.75 for the work performed on Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Application for an Attorney Fee under the Equal Access to Justice Act.

## CONCLUSION

For the reasons stated herein, Plaintiff's Application for Attorney Fee under the Equal Access to Justice Act is GRANTED.

**IT IS SO ORDERED.**

John W. Darrah, Judge

United States District Court

Date: September 27, 2001